ANDREA E. BATES, ESQ. SBN 192491
Abates@Bates-Bates.com
KURT W. SCHUETTINGER ESQ. SBN 295879
Kschuettinger@Bates-Bates.com
BATES & BATES, LLC
1890 Marietta Blvd
Atlanta, Georgia 30318
Phone (404) 228-7439
Fax    (404) 963-6231

Attorneys for
Plaintiff GIBSON BRANDS, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBSON BRANDS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FUNKO, LLC, a Washington Limited Liability Company and DOES 1 through 10,<br><br>Defendants. | Case No. 17-cv-2494<br><br>COMPLAINT FOR:<br>(1) Trademark Infringement;<br>(2) Trademark Counterfeiting;<br>(3) False Designation of Origin and Unfair Competition Under the United States Trademark Act;<br>(4) False Description of Fact and Representations and False Advertising Under the United States Trademark Act;<br>(5) Trademark Dilution Under the United States Trademark Act;<br>(6) Trade Dress Infringement Under Federal Law; (7) Trademark Dilution Under California State Law;<br>(8) Common Law Trademark Infringement; (9) Unfair Competition; Infringement; and<br>(10) Accounting<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

1. Plaintiff Gibson Brands, Inc. ("Gibson") for its Complaint against Defendant Funko, LLC ("Funko") alleges as follows:

## Nature of Action

2. This is an action for trademark infringement, trade dress infringement, trademark counterfeiting, unfair competition, trademark dilution, and other related causes of action under federal, state and common law arising from Defendant Funko's unauthorized use of Gibson's: Les Paul Body Shape Design Trademark® (U.S. Reg. No. 1782606); Flying V Body Shape Design® Trademark (U.S. Reg. No. 2051790); Flying V Headstock Design® Trademark (U.S. Reg. No. 3976202); Explorer Body Shape Design® Trademark (U.S. Reg. No. 2053805); and the Kramer Peghead Design® Trademark (U.S. Reg. No. 1567052) for use with stringed instruments in the United States. In addition to stringed instruments, Gibson owns the trademark rights to its body designs for use with toys in International Class 028-Les Paul Body Design (U.S. Ser. No. 86454469), the Flying V Body Design (U.S. Ser. No. 86454884), and the Explorer Body Design (U.S. Ser. No. 86458890), all of which Gibson has continuously used in U.S. commerce since 1998. Gibson's registered marks and applications are collectively referred to as the Gibson Trademarks.

## The Parties

3. Gibson is a citizen of Delaware and Tennessee. It is a Delaware corporation with a principal place of business at 309 Plus Park Boulevard, Nashville, Tennessee 37217. Furthermore, Gibson is registered with the Secretary of State of California and has an office in California.

4. Upon information and belief, Defendant Funko is a citizen of Washington and is a Washington limited liability company with a principal place of business at 18072 North Creek Pkwy #315, Bothell, Washington 98011, and it can be served

through its registered agent Corporation Service Company at 300 Deschutes Way SW, Ste 304, Tumwater, Washington 98501.

5. Upon information and belief, Defendant Funko is engaged in the promotion and sale of various products containing Gibson's Les Paul Body Shape Design Trademark®; Flying V Body Shape Design® Trademark; Flying V Headstock Design® Trademark; Explorer Body Shape Design® Trademark; and the Kramer Peghead Design® Trademark in the United States, including in this District, through its business, catalogs, distributors, its website at www.funko.com, and through online only retailers such as www.amazon.com.

6. The true names and capacities of Defendants DOES 1 through 10 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a fictitiously named Defendant is, in some manner, responsible for the events and happenings herein referred to, either contractually or tortuously, and caused damage to the Plaintiff as herein alleged. When Plaintiff ascertains the true names and capacities of DOES 1 through 10, it will ask leave of this Court to amend its Complaint by setting forth the same.

## Jurisdiction and Venue

7. Original subject matter jurisdiction of this Court is based on 28 U.S.C. § 1331 (federal question) because Gibson's Lanham Act claims—Sections 39 and 43(a) and (c) of the United States Trademark Act of 1946 ("Lanham Act"), as amended (15 U.S.C. §1121 and 1125(a)(c))—arise under federal law, and this Court has original jurisdiction pursuant to 28 U.S.C. §1338(a) and (b) (Acts of Congress relating to trademarks and related actions). Subject matter jurisdiction of this Court is also based on 28 U.S.C.§ 1332 (diversity jurisdiction) because complete diversity exists between the parties and the amount in controversy requirement is met: Gibson

is a citizen of Delaware and Tennessee, and Funko is a citizen of Washington, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This court has supplemental jurisdiction over Gibson's state law claims pursuant to 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction.

8. This action arises out of wrongful acts including: advertising, offering for sale, selling and distributing infringing products by Funko within this judicial district. This Court has personal jurisdiction over Defendant Funko because it has purposefully availed itself of the opportunity to conduct commercial activities in this forum, and this Complaint arises out of those activities. Also, Defendant Funko maintains continuous and systematic contacts with the forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice. Likewise, personal jurisdiction is proper under the California Long-Arm Statute, Code Civ. Proc., § 410.10, because the exercise of jurisdiction is not inconsistent with the Constitution of this state or of the United States. Venue is proper in this district under 28 U.S.C. §1391(b) and (c), as Defendant is subject to personal jurisdiction in this District and a substantial part of the events giving rise to these claims occurred in this District.

**Gibson's Use And Ownership Of Its Marks**

9. Plaintiff Gibson is engaged in the business of developing, manufacturing and selling musical instruments, including electric guitars, basses, and mandolins under the famous GIBSON® Trademark for over a century.

10. Gibson guitars are sold worldwide. Gibson's instruments have gained worldwide recognition and reputation, winning awards for their design.

11. Gibson is the sole owner of the distinctive Les Paul Body Shape Design® (U.S. Trademark Reg. No. 1782606) for use with stringed instruments. This Trademark was issued by the U.S. Patent and Trademark Office on July 20, 1993, and

-4-
COMPLAINT

has been continuously and exclusively used in commerce by Gibson since 1952. A copy of the Trademark's registration is attached hereto as Exhibit "**A**."

12. In addition to stringed instruments, Gibson owns the trademark rights to its Les Paul Body Design for use with toys in International Class 028 (U.S. Ser. No. 86454469). Gibson filed its application on November 14, 2014, and it published for opposition on April 21, 2015. Gibson first used its Les Paul Body Design on toys in at least as early as 1998, specifically on toy figurines. A copy of the Trademark's application is attached hereto as Exhibit "**B**."

13. Gibson is the sole owner of the distinctive design mark Flying V Body Shape Design® (U.S. Trademark Reg. No. 2051790) for use with stringed instruments. This Trademark was issued by the U.S. Patent and Trademark Office on April 15, 1997, and has been continuously and exclusively used in commerce by Gibson since 1958. A copy of the Trademark's registration is attached hereto as Exhibit "**C**."

14. Gibson is the sole owner of the distinctive design mark Flying V Headstock Design® Trademark (U.S. Reg. No. 3976202) for use with stringed instruments. This Supplemental Trademark was issued by the U.S. Patent and Trademark Office on June 7, 2011, and has been continuously and exclusively used in commerce by Gibson since 1958. A copy of the Trademark's supplemental registration is attached hereto as Exhibit "**D**."

15. In addition to stringed instruments, Gibson owns the trademark rights to its Flying V Body Design for use with toys in International Class 028 (U.S. Ser. No. 86454884). Gibson filed its application on November 14, 2014, and it published for opposition on April 21, 2015. Gibson first used its Flying V Body Design on toys in at least as early as 1998, specifically on toy figurines. A copy of the Trademark's application is attached hereto as Exhibit "**E**."

16. Gibson is the sole owner of the distinctive design mark Explorer Body Shape Design® (U.S. Trademark Reg. No. 2053805) for use with stringed instruments. This Trademark was issued by the U.S. Patent and Trademark Office on April 22, 1997, and has been continuously and exclusively used in commerce by Gibson since 1958. A copy of the Trademark's registration is attached hereto as Exhibit "**F**."

17. Gibson is the sole owner of the distinctive design mark Kramer Peghead Design® (U.S. Trademark Reg. No. 1567052) for use with stringed instruments. This Trademark was issued by the U.S. Patent and Trademark Office on November 21, 1989, and has been continuously and exclusively used in commerce by Gibson since 1958. A copy of the Trademark's registration is attached hereto as Exhibit "**G**."

18. In addition to stringed instruments, Gibson owns the trademark rights to its Explorer Body Design for use with toys in International Class 028 (U.S. Ser. No. 86458890). Gibson filed its application on November 19, 2014, and it published for opposition on July 14, 2015. Gibson first used its Explorer Body Design on toys in at least as early as 1998, specifically on toy figurines. A copy of the Trademark's application is attached hereto as Exhibit "**H**."

19. Gibson has spent millions of dollars in the advertising and promotion of the Gibson Trademarks, which have been used in conjunction with various Gibson stringed instruments and toy products.

20. As a result of the quality of Gibson's products and the extensive sales, licensing and marketing, advertising and promotion of these products under the Gibson Trademarks, the Gibson Trademarks have become famous trademarks that are widely and favorably known by consumers in the United States and elsewhere as designating high quality and dependable products originating exclusively from Gibson and its related companies. The Gibson Trademarks are distinctive designs owned exclusively by Gibson, achieving secondary meaning from over 50 years of use with Gibson

spending millions of dollars on promotion of the Gibson Trademarks. Consumers are exposed to the Gibson Trademarks through magazines, newspapers, television, and the Internet. As a result, the Gibson Trademarks have become widely known and valuable trademarks, possessing a strong secondary meaning among consumers. As a result, the Gibson Trademarks have come to symbolize the enormous goodwill of Gibson's business in the United States, nationwide. No other manufacturer lawfully uses the Gibson Trademarks or any other substantially similar marks for similar types of goods without Gibson's authorization.

21. The Gibson Trademarks have been famous in the United States, nationwide, and elsewhere since long prior to the acts complained of herein. The Gibson Trademarks have been used exclusively nationwide and have been used exclusively by Gibson.

22. The above-identified registrations remain in full force and effect and are *prima facie* proof of Gibson's exclusive right to own and use the Les Paul Body Shape Design® Trademark, Explorer Body Shape Design® Trademark, the Flying V Body Shape Design® Trademark, and the Kramer Peghead Design® Trademark. In addition, the Les Paul Body Shape Design® Trademark, Explorer Body Shape Design® Trademark, the Flying V Body Shape Design® Trademark, and the Kramer Peghead Design® Trademark are incontestable pursuant to Section 15 of the Lanham Act (15 U.S.C. § 1065). Gibson has spent millions of dollars in its marketing and promotion of its products that exclusively bear Gibson Trademarks on its distinctive designs for over 50+ years.

### Defendant's Misuse of The Gibson Trademarks

23. Upon information and belief, Defendant Funko offers for sale, sells and distributes toy guitars in the United States using the Les Paul Body Shape Design® Trademark, Explorer Body Shape Design® Trademark, the Flying V Body Shape

Design® Trademark, Flying V Peghead Design® Trademark, and the Kramer Peghead Design® Trademark ("Defendant's Unauthorized Products) through its catalogs, distributors, its website at www.funko.com, and through online only retailers such as www.amazon.com. Examples of Defendant's Unauthorized Products are attached hereto as Exhibit "**I**."

24. Defendant is not an authorized retailer or distributor for any goods bearing the Gibson Trademarks and has not acquired the goods from Gibson.

25. Upon information and belief, notwithstanding the lack of authorization from Gibson and the fact that said Defendant's Unauthorized Products otherwise are not authorized to be sold utilizing the Gibson Trademarks, Funko has made repeated unauthorized use of the Gibson Trademarks in connection with said products, as described below, with the intent to mislead and confuse consumers into believing that said Defendant's Unauthorized Products are made directly by Gibson pursuant to Gibson's strict quality control standards or that said Defendant's Unauthorized Products are otherwise authorized or licensed by Gibson and with the intent of misappropriating, for its own benefit, the tremendous goodwill built up by Gibson in the Gibson Trademarks. [*See* Exhibit "**I**."].

26. In particular, Funko has improperly used the Gibson Trademarks in its advertising and promotional materials for said Defendant's Unauthorized Products on its website at www.funko.com and has thus falsely stated or otherwise implied that said Defendant's Unauthorized Products are made directly by Gibson pursuant to Gibson's strict quality control standards or that its use of the Gibson Trademarks is authorized or licensed by Gibson.

27. Gibson is informed and believes, and thereon alleges that, Funko is or has been directly and indirectly advertising and selling the Defendant's Unauthorized

Products bearing the Gibson Trademarks through its catalogs, distributors, its website at www.funko.com, and through online only retailers such as www.amazon.com.

28.     Upon information and belief, the aforementioned misuse of the Gibson Trademarks by Funko was done with the intent of deceiving or misleading customers into mistakenly believing that said Defendant's Unauthorized Products were authorized Gibson products originating from Gibson or its related companies and otherwise misappropriating the goodwill built up by Gibson in the Gibson Trademarks and otherwise attracting and misdirecting consumers looking for genuine or authorized Gibson goods to the Defendant's Unauthorized Products.

29.     Upon information and belief, Funko had constructive knowledge that Defendant's Unauthorized Products were infringing the Gibson Trademarks.  The registered Gibson Trademarks are all registered in the United States for stringed instruments, one for nearly 30 years.  Additionally, all the Gibson Trademark applications are pending applications specifically for toy figures and toy model guitars.

30.     Funko has actual knowledge of the infringement of the Gibson Trademarks by Defendant's Unauthorized Products.  Gibson contacted Funko on October 13, 2017, via a cease and desist letter describing the infringement of Defendant's Unauthorized Products. [*See* Exhibit "**J**."].

31.     Despite its constructive and actual knowledge of the infringement of the Gibson Trademarks by Defendant's Unauthorized Products, Funko has continued to provide Defendant's Unauthorized Products to distributors whom then sell Defendant's Unauthorized Products to the end consumer.

32.     Prior to commencing this lawsuit, Gibson and its representatives communicated directly with Funko's counsel in an attempt to resolve this matter without the necessity of bringing this lawsuit, but Funko has failed to cease all unauthorized use of the Gibson Trademarks as requested by Gibson and continues to

deliberately and intentionally use the Gibson Trademarks without the consent of Gibson.

33. The misuse of the Gibson Trademarks by Funko was intended to cause, has caused, and is likely to continue to cause, consumer confusion, mistake or deception including the misleading of consumers into mistakenly believing that the Defendant's Unauthorized Products are made directly by Gibson pursuant to Gibson's strict quality control standards or Gibson has authorized or licensed the use by Funko of the Gibson Trademarks for those products.

34. The aforementioned misuse of the Gibson Trademarks by Funko is damaging to the reputation and goodwill of Gibson and the Gibson Trademarks.

35. Upon information and belief, the aforesaid acts of Funko have caused and, unless enjoined, will continue to cause irreparable damage to Gibson and to the reputation of its valuable Gibson Trademarks.

36. Gibson has no adequate remedy at law.

## COUNT I

### Trademark Infringement Under The United States Trademark Act (15 U.S.C. 1114 (1))

37. Gibson repeats the allegations set forth in Paragraphs 1 through 36, as if fully set forth herein.

38. Funko's use of a reproduction, counterfeit, copy, or colorable imitation of the famous Gibson Trademarks, without Gibson's consent, in commerce in connection with the sale, offering for sale, distribution, or advertising of their products or services is likely to cause confusion, or to cause mistake, or to deceive the public, and thus constitutes trademark infringement pursuant to 15 U.S.C.§ 1114.

39. The complained of acts constitute willful, deliberate and intentional infringement of Gibson's federally registered trademarks for the Gibson Trademarks in violation of §32(1) of the Lanham Act (15 U.S.C. §1114(1)).

40. Funko's intentional and willful infringement of the Gibson Trademarks has caused, and will continue to cause, damage to Gibson and is causing irreparable harm to Gibson for which there is no adequate remedy at law. Funko is directly liable for these actions.

## COUNT II

## Trademark Counterfeiting Under The United States Trademark Act (15 U.S.C. § 1114(1))

41. Gibson repeats the allegations set forth in Paragraphs 1 through 36, as if fully set forth herein.

42. Upon information and belief, Funko intentionally used, without Gibson's consent, a counterfeit version of the Gibson Trademarks in commerce, knowing that the marks were counterfeit. Funko used the counterfeit marks in connection with the sale, offering for sale, or distribution of their goods and services, which is likely to cause confusion, or cause mistake, or deceive the public.

43. The complained of acts constitute trademark counterfeiting in violation of Section 32(1) of the Lanham Act (15 U.S.C. §1114(1)).

## COUNT III

## False Designation of Origin and Unfair Competition Under The United States Trademark Act (15 U.S.C. § 1125(a))

44. Gibson repeats the allegations set forth in Paragraphs 1 through 36, as if fully set forth herein.

45. Funko's use of the Gibson Trademarks, without Gibson's consent, in commerce to promote, market, or sell their products or services in direct competition

with Gibson's products and services constitutes False Designation of Origin and Unfair Competition pursuant to 15 U.S.C. § 1125(a). Funko's use of the Gibson Trademarks is a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact, which is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Funko with Gibson and/or as to the origin, sponsorship, or approval of Funko's products and commercial activities with Gibson.

46. The complained of acts constitute willful, deliberate and intentional false designations of origin as to products made available by Funko and unfair competition in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

47. Funko's wrongful activities have caused - and unless enjoined by this Court - will continue to cause irreparable injury and other damages to Gibson's business and reputation, and will continue to cause damage to the goodwill it has developed in its Gibson Trademarks. Gibson has no adequate remedy at law.

## COUNT IV
### False Descriptions of Fact and Representations
### and False Advertising Under The United States
### Trademark Act (15 U.S.C. § 1125(a))

48. Gibson repeats the allegations set forth in Paragraphs 1 through 36, as if fully set forth herein.

49. Funko's use of the Gibson Trademarks, without Gibson's consent, in commercial advertising or promotion to promote, market, or to sell their products or services in direct competition with Gibson's products and services constitutes False Description of Fact and Representation and False Adverting pursuant to 15 U.S.C. § 1125(a). Funko's use of the Gibson Trademarks in commercial

advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of their goods, services, or activities.

50. The complained of acts constitute willful, deliberate and intentional false and misleading descriptions of fact, and false advertising in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

51. Funko's wrongful activities have caused - and unless enjoined by this Court - will continue to cause irreparable injury and other damages to Gibson's business and reputation, and will continue to cause irreparable injury to the goodwill it has developed in its the Gibson Trademarks. Gibson has no adequate remedy at law.

## COUNT V
## Trademark Dilution Under The United States Trademark Act
## (15 U.S.C. § 1125(c))

52. Gibson repeats the allegations set forth in Paragraphs 1 through 36, as if fully set forth herein.

53. Funko's unauthorized use of the famous Gibson Trademarks is likely to dilute and blur the distinctive quality of these marks and to tarnish the reputation of the Gibson Trademarks.

54. The complained of acts have diluted and damaged the distinctive quality of Gibson's famous Gibson Trademarks and constitute trademark dilution of the famous marks in violation of §43(c) of the Lanham Act (15 U.S.C. §1125(c)).

55. Upon information and belief, Funko willfully intended to trade on Gibson's reputation and/or cause dilution and tarnishment of Gibson's famous Gibson Trademarks.

## COUNT VI

### Trade Dress Infringement Under Federal Law

56. Gibson repeats the allegations set forth in Paragraphs 1 through 36, as if fully set forth herein.

57. Gibson has used in interstate commerce the distinctive product designs in connection with the sale and marketing of its guitars. The Gibson designs, namely: the Les Paul Body Shape Design®, the Explorer Body Shape Design® Trademark, the Flying V Body Shape Design® Trademark, the Flying V Peghead Design® Trademark and the Kramer Peghead Design® Trademark contain distinctive, nonfunctional features that are protected under the Lanham Act §43(a) (15 U.S.C. 1125(a)). In addition, all of these design marks have acquired distinctiveness and signify Gibson as the manufacturer in the mind of the average consumer.

58. Funko's use of the infringing trade dress has confused and is likely to continue to cause confusion, or cause mistake, or deceive the consuming public into believing that Defendant's Unauthorized Products are authorized, sponsored or approved by Gibson.

## COUNT VII

### Trademark Dilution Under

### California Business and Professions Code (Section 14247)

59. Gibson repeats the allegations set forth in Paragraphs 1 through 36, as if fully set forth herein.

60. The complained of acts are likely to cause injury to the business reputation of, or otherwise dilute, the distinctive quality of the Gibson Trademarks in violation of §14247 of the California Business and Professions Code.

## COUNT VIII

### Common Law Trademark Infringement and Unfair Competition

61. Gibson repeats the allegations set forth in Paragraphs 1 through 36, as if fully set forth herein.

62. The complained of acts constitute trademark infringement, palming off, and unfair competition in violation of the common law of the State of California.

## COUNT IX

### Unfair Competition Under

### California Business and Professions Code (Section 17200)

63. Gibson repeats the allegations set forth in Paragraphs 1 through 36, as if fully set forth herein.

64. The complained of acts constitute unlawful acts of unfair competition and unlawful, unfair and fraudulent business practices in violation of §17200, *et seq.* of the California Business and Professions Code.

## COUNT X

### Accounting

### Common Law

65. Gibson repeats the allegations set forth in Paragraphs 1 through 36, as if fully set forth herein.

66. Funko's activities, as alleged above, have violated Plaintiff's rights in the Gibson Trademarks under common law.

67. As a direct result of the infringing activities, Funko has been unjustly enriched through fraudulent conversion of Plaintiff's goodwill and rights in its trademarks into their own profits through the sale of infringing products and has caused Plaintiff to lose sales of its genuine goods and services.

68. As a direct result of Funko's misconduct, Funko has received substantial profits, to which Plaintiff is entitled under common law.

69. The amount of said profits is unknown to Plaintiff and cannot be ascertained without an accounting.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gibson Brands, Inc. prays for judgment as follows:

1. That judgment be entered in favor of Plaintiff on all causes of action set forth herein.

2. That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), Plaintiff be awarded monetary damages sufficient to recover: (1) Defendants' profits on Defendant's Unauthorized Products; (2) all damage suffered by Plaintiff; and (3) the costs of this action and that said amount be trebled or otherwise multiplied to the extent permitted by statute. In addition, Plaintiff reserves the right to elect statutory damages up to and including $1,000,000 per counterfeit mark pursuant to 15 U.S.C. §1117(c).

3. That Plaintiff be awarded such other monetary damages, recovery and awards as appropriate under the law.

4. That Funko's conduct violates the provisions of the California Business & Professions Code sections 17200-17210 and constitutes trademark infringement and unfair competition under the common law of the State of California.

5. That Funko, its officers, directors, principals, agents, servants, affiliates, employees, attorneys, representatives, successors and assigns, and all those in privy or acting in concert or participation with Funko, and each and all of them, be preliminarily and permanently enjoined and restricted from directly or indirectly:

    (a) claiming or representing that any products and/or services sold by Funko are made directly by Gibson pursuant to Gibson's strict quality control

standards or Gibson has authorized or licensed the use by Funko of the Gibson Trademarks for those products;

      (b)    using, in any manner, or holding itself out as having rights to use Explorer Body Shape Design® Trademark, the Flying V Body Shape Design® Trademark, Flying V Peghead Design® Trademark, Les Paul Body Shape Design® Trademark, or the Kramer Peghead Design® Trademark or any other name, mark or design confusingly similar to the Gibson Trademarks to designate, describe or refer to themselves or in conjunction with any product or service, including any use in conjunction with any Internet activities conducted by it or on its behalf such as any use as a domain name or in the text, graphics and hypertext metatags of any Internet website;

      (c)    requesting or inducing Internet search engines to display links to the Funko's website or other websites displaying or promoting Funko's products or services when potential customers using those search engines search for terms containing variations of the Explorer Body Shape Design® Trademark, the Flying V Body Shape Design® Trademark, Flying V Peghead Design® Trademark, Les Paul Body Shape Design® Trademark, or the Kramer Peghead Design® Trademark;

      (d)    selling, offering for sale, promoting, advertising, distributing or providing or offering to provide any goods or services in conjunction with the Gibson Trademarks or any other name, mark or design confusingly similar to the Gibson Trademarks in conjunction with any product or service; and

      (e)    engaging in any course of conduct likely to cause confusion, deception or mistake or injure Plaintiff's business reputation or dilute the Gibson Trademarks or appropriate the good will and reputation of said marks or lead to the passing off of Funko's products and services as Gibson products and services.

  6. That the Court issue an Order directing Funko to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Funko of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Funko has complied with the injunction.

  7. That the Court award judgment in favor of the Plaintiff in the amount of treble damages.

  8. That the Court award to Plaintiff punitive damages sufficient to deter Funko from committing such willful acts of infringement in the future.

  9. That the Court requires a full and complete accounting of all monies received by Funko as a result of the infringement.

  10. That Funko be required to deliver to Plaintiff all merchandise, packaging, labels, boxes, cartons, advertising, brochures, documents, advertising and promotional materials and other things, possessed, used or distributed by Defendant, or on its behalf, which use the Gibson Trademarks or any other name, mark or design confusingly similar to the Gibson Trademarks.

  11. That Plaintiff be awarded the costs of this action and its disbursements, and reasonable attorneys' and investigatory fees incurred, and as otherwise appropriate herein, pursuant to 15 U.S.C. §1117 or other appropriate statute or law.

  12. For interest on all amounts found to be due to Plaintiff from Funko, at the prevailing rate, from the date of said amounts or any part thereof became or becomes due.

  13. That the Court requires Funko to notify its commercial associates, dealers, master distributors, suppliers and customers of this Order.

  14. That Plaintiff be granted such other monetary, equitable and further relief, as this Court may deem appropriate under federal, state and common law.

-18-
COMPLAINT

15. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violation thereof.

### DEMAND FOR JURY TRIAL

Gibson hereby demands a jury trial on all issues.

Respectfully submitted, this 14th of December 2017.

BATES & BATES, LLC

/s/ Andrea E Bates\
ANDREA E. BATES\
California Bar No. 192491\
1890 Marietta Boulevard\
Atlanta, Georgia 30318\
(404) 228-7439\
Attorney for PLAINTIFF\
GIBSON BRANDS, INC.