# EXHIBIT J



October 13, 2017

**VIA UPS**
Funko, LLC
Legal Department
2802 Wetmore Avenue
Everett, WA 98201
Tel: 425-783-3616
Email: contact@funko.com

Re: **Infringement of Multiple Gibson Trademarks by Funko, LLC**

Dear Counsel:

We represent Gibson Brands, Inc. ("Gibson") in intellectual property matters. Gibson owns exclusive world-wide trademark rights for the Les Paul Body Design® Trademark (U.S. Reg. No. 1782606), the Flying V Body Design® Trademark (U.S. Reg. No. 2051790), the Flying V Headstock Design® Trademark (U.S. Reg. No. 3976202), the Explorer Body Design® Trademark (U.S. Reg. No. 2053805), and the Kramer Headstock Design® Trademark (U.S. Reg. No. 1567052) for use with string and musical instruments (collectively "Gibson Marks"). In addition to stringed instruments, Gibson owns the trademark rights to its body designs for use with toys in International Class 028 - Les Paul Body Design (U.S. Ser. No. 86454469), the Flying V Body Design (U.S. Ser. No. 86454884), and the Explorer Body Design (U.S. Ser. No. 86458890). Summary copies of Gibson's U.S. registrations and applications are attached hereto as **Exhibit A**. Gibson has been using the Gibson Marks on its musical instruments since the 1950's.

Recently we have identified Funko, LLC ("Funco") as using identical or substantially similar marks in connection with POP! figurines and plushies. Pictures of the Gibson Marks being used by Funko are attached as **Exhibit B**. This letter is being sent to protest this continued unauthorized use of the Gibson Marks on Funco's POP! figurines and plushies. Funco's use of the Gibson Marks unfairly capitalizes on the goodwill and reputation embodied in the Gibson Marks. The public will and likely has already mistakenly believed that Funco's use of the Gibson Marks is authorized, sponsored by, or is somehow affiliated with Gibson.

This type of deceptive trade practice constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 USC § 1114(1), a false designation of the original

and false description under Section 43(a) of the Lanham Act, 15 USC § 1125(a), and violates state trademark and dilution statutes as well as common law principles of unfair competition and misappropriation. In addition to U.S. law, use of the Gibson Marks in countries where Gibson has obtained a registered mark, pending mark or substantially exclusive use likely violates local trademark law.

Gibson is surprised that Funco did not approach Gibson regarding a trademark license for the Funco uses of the Gibson Marks in **Exhibit B**. It seems that the business model for Funco's POP! figurines and plushies is to obtain intellectual property licenses for movie, television, video game franchises, personalities, etc. and produce POP! figurines and plushies as merchandising options. It is apparent in the POP! figurines displaying the Gibson Marks would need licenses for the use of the image and likeness of rock stars such as Slash, Ace Frehley, Paul Stanley, Kirk Hammett, and James Hetfield. Funco should be well versed in the intellectual property rights of others and the need to respect these rights.

Gibson can only assume that Funco overlooked Gibson's trademark rights in the Gibson Marks when designing the POP! figurines and plushies listed in **Exhibit B**. To that extent, Gibson is interested in amicably resolving this oversight. Gibson would be willing to retroactively license the Gibson Marks to Funco for use with its past infringing POP! figurines and plushies with a potential for future licenses for Funco's POP! figurines and plushies. In the past, Gibson has provided trademark licenses for the Gibson Marks to toy manufacturers for royalties of **12%** of the gross receipts.

The alternative to a trademark license is that Funco immediately cease and desist from using the Gibson Marks on any products, advertisements or in connection with any services. If Funco is not interested in a trademark license, we further request that you certify that Funco and any affiliated entity or agent will: (1) immediately cease use of the Gibson Marks or any marks confusingly similar to the Gibson Marks; (2) rescind and refrain from any further advertisements bearing the Gibson Marks or any marks confusingly similar to Gibson Marks; and (3) pay damages for the use of the Gibson Marks.

If Funco decides not to retroactively license the Gibson Marks and not adequately address the issues in this letter, Gibson will seek all legal remedies available to it. Failure to comply with the terms of this letter on or before **October 31, 2017** will result in Gibson taking further legal action; as such, I look forward to receiving your response prior to that date.

This letter is sent without prejudice to Gibson's rights and claims, all of which are expressly reserved.

Regards,

Andrea E Bates
abates@bates-bates.com

3